UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

SANDRA MITTELSTEADT,
on behalf of herself and
all others similarly situated,

Case No. 23-cv-668

   Plaintiff,

**COLLECTIVE AND CLASS
ACTION COMPLAINT
PURSUANT TO 29 U.S.C. §216(b)
AND FED. R. CIV. P. 23**

 v.

SHERMAN COUNSELING MANAGEMENT, S.C.
W6144 Aerotech Drive
Appleton, Wisconsin 54914

**JURY TRIAL DEMANDED**

   and

REFRESH MENTAL HEALTH, INC.
320 1st Street North, Suite 712
Jacksonville Beach, Florida 32250

   Defendants

## COMPLAINT

## PRELIMINARY STATEMENT

1. This is a collective and class action brought pursuant to the Fair Labor Standards

Act of 1938, as amended, ("FLSA"), Wisconsin's Wage Payment and Collection Laws, Wis. Stat.

§ 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code §

DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL"), and Fed. R.

Civ. P. 23, by Plaintiff, Sandra Mittelsteadt, against Defendants, Sherman Counseling

Management, S.C. and Refresh Mental Health, Inc. Plaintiff brings these FLSA and WWPCL

claims and causes of action against Defendants on behalf of herself and all other similarly-situated

current and former Counselors of Defendants for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, liquidated damages, agreed-upon wages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.     Defendants operated an unlawful compensation system that deprived and failed to compensate Plaintiff and all other current and former Counselors for all hours worked and work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, by: (1) misclassifying Plaintiff and all other Counselors as salaried-exempt when, in reality, said employees did not receive a pre-determined salary each workweek, were compensated based on hours worked and/or work performed each workday and each workweek, and, thus, were non-exempt employees to whom Defendants failed to pay overtime compensation for each hour worked in excess of forty (40) hours in a workweek, in violation of the FLSA and WWPCL; and (2) failing to compensate Plaintiff and all other Counselors with agreed-upon pay of fifty percent (50%) of monthly billables on at least a monthly basis, in violation of the WWPCL.

3.     Defendants' deliberate failure to compensate its Counselors for hours worked and agreed-upon wages at the proper and legal rate(s) of pay violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

4.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

5.     This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, WWPCL (Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. §

103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq.,* and Wis. Admin. Code § DWD 272.001 *et seq.*), because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendants do business, and have substantial and systematic contacts, in this District, including but not limited to owning and operating multiple physical locations within this District.

## **PARTIES AND COVERAGE**

7. Plaintiff, Sandra Mittelsteadt, is an adult female resident of the State of Wisconsin with a post office address of 1155 Esther Ann Lane, Hortonville, Wisconsin 54944.

8. Plaintiff's Notices of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Complaint (ECF No. 1).

9. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants employed Plaintiff in the position of Licensed Professional Counselor working in the State of Wisconsin.

10. Defendant, Sherman Counseling Management, S.C., was, at all material times herein, an entity doing business in the State of Wisconsin with a principal office address of W6144 Aerotech Drive, Appleton, Wisconsin 54914.

11. Defendant Sherman Counseling Management owns, operates, and manages physical locations in the State of Wisconsin, including the location where Plaintiff worked in the position of Licensed Professional Counselor in the State of Wisconsin.

12. Defendant, Refresh Mental Health, Inc., was, at all material times herein, a Florida entity doing business in the State of Wisconsin with a principal office address of 320 1st Street North, Suite 712, Jacksonville Beach, Florida 32250.

13.    Self-descriptively, Defendant Refresh Mental Health "owns and operates leading mental health practices with specialized programs throughout the United States."

14.    During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Refresh Mental Health owned, operated, and managed Defendant Sherman Counseling Management, including but not limited to the location where Plaintiff worked in the position of Licensed Professional Counselor in the State of Wisconsin.

15.    During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants collectively owned, operated, and managed physical locations, practices, and entities throughout the country, including but not limited to the location where Plaintiff worked in the position of Licensed Professional Counselor in the State of Wisconsin, that employed counselors, therapists, and other behavioral healthcare providers.

16.    During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants employed Plaintiff in the position Licensed Professional Counselor performing compensable work on Defendants' behalf, at Defendants' direction, for Defendants' benefit, and with Defendants' knowledge in the State of Wisconsin.

17.    For purposes of the FLSA, Defendants, collectively and individually, were "employers" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

18.    During the relevant time periods as stated herein, Defendants, collectively and individually, were engaged in "commerce" and/or their employees were engaged in "commerce," as that term is defined under the FLSA.

19.    During the relevant time periods as stated herein, Defendants, collectively and individually, employed more than two (2) employees.

20. During the relevant time periods as stated herein, Defendants' annual dollar volume of sales or business, collectively and individually, exceeded $500,000.

21. During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

22. For purposes of the WWPCL, Defendants, collectively and individually, were "employers" of Plaintiff, and Plaintiff was "employed" by Defendants, as those terms, or variations thereof, are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

23. Plaintiff brings this action on behalf of herself and all other similarly-situated salary-paid Counselors employed by Defendants within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1). Plaintiff and all other Counselors were subjected to Defendants' same unlawful policies as enumerated herein, and they performed similar job duties as all other similarly-situated Counselors who performed compensable work for Defendants and/or on Defendants' behalf at physical locations that were owned, operated, and managed by Defendants.

24. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants supervised Plaintiff's and the day-to-day activities of all other Counselors.

25. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants hired, terminated, promoted, demoted, and suspended Plaintiff and all other Counselors.

26. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants reviewed Plaintiff's work performance and the work performance of all other Counselors.

27.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants established Plaintiff's and all other Counselors' work schedules and provided Plaintiff and all other Counselors with work assignments and hours of work.

28.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants established the terms, conditions, work rules, policies, and procedures by which Plaintiff and all other Counselors abided in the workplace.

29.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants oversaw, managed, and adjudicated Plaintiff's and other Counselors' employment-related questions, benefits-related questions, and workplace issues.

30.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants compensated Plaintiff and all other Counselors for hours worked and/or work performed.

## GENERAL ALLEGATIONS

31.     In approximately September 2011, Defendant hired Plaintiff as a Licensed Professional Counselor primarily performing compensable work on Defendants' behalf, at Defendants' direction, for Defendants' benefit, and with Defendants' knowledge based out of Defendants' Appleton, Wisconsin location.

32.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff all other Counselors performed compensable work on Defendants' behalf, with Defendants' knowledge, for Defendants' benefit, and/or at Defendants' direction and subject to Defendants' same compensation policies and actual practices at physical locations that were owned, operated, and managed by Defendants and/or virtually from their homes.

33. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other Counselors' primary job duty was to engage in direct medical counseling and/or therapy care with patients, either in person or virtually, on a daily and/or weekly basis. However, Plaintiff all other Counselors also routinely performed other tasks and assignments on a daily and/or weekly basis, such as: collaborating with other Counselors regarding work-related tasks and matters; transcribing sessions and/or writing notes based on sessions with patients; scheduling patients; performing billing and accounting duties; performing insurance and licensing duties; attending work-related meetings; reviewing and participating in work-related training videos; communicating with patients' families, friends, attorneys, and guardians ad litem; performing welfare checks on patients; corresponding or communicating on behalf of patients with other third-parties and related entities, including law enforcement and educational institutions; performing IT troubleshooting; performing advertising duties; conducting and/or attending continuing education seminars; completing disability assessments for patients; and attending and participating in court-related and other administrative proceedings for patients.

34. Plaintiff is still currently employed by Defendants.

35. In practice during the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants agreed-upon compensation arrangement with Plaintiff and all other Counselors was to pay them, on approximately a monthly basis, fifty percent (50%), or half, of the amounts that they billed to patients for performing or providing direct medical counseling (i.e., "billings") on a daily and/or weekly basis.

36. In practice during the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants agreed-upon compensation arrangement with Plaintiff and all other Counselors was to pay them, on approximately a monthly basis, based on hours worked

and/or work performed each workday and each workweek performing or providing direct medical counseling to patients.

37. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), and despite Defendants compensating Plaintiff and all other Counselors on approximately a monthly basis based on hours worked and/or work performed each workday and each workweek performing or providing direct medical counseling to patients, Defendants classified Plaintiff and all other Counselors as "exempt" for purposes of the FLSA and WWPCL. However, during the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Counselors were non-exempt employees for purposes of the FLSA and WWPCL.

38. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained employment records and other documentation regarding Plaintiff and all other Counselors.

39. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained a centralized system for tracking and/or recording hours worked by Plaintiff and all other Counselors.

40. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained centralized systems for compensating Plaintiff and all other Counselors for all remuneration earned.

41. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Counselors frequently worked in excess of forty (40) hours each workweek.

42.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants were aware and/or had knowledge that Plaintiff and all other Counselors frequently worked in excess of forty (40) hours each workweek.

43.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants compensated Plaintiff and all other Counselors on approximately a monthly basis via paycheck.

44.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants did not compensate Plaintiff and all other Counselors with a pre-determined salary each workweek; rather, Defendants engaged in an actual practice of compensating Plaintiff and all other Counselors, on approximately a monthly basis, based on hours worked and/or work performed each workday and each workweek performing or providing direct medical counseling to patients, and thus failing to pay Plaintiff and all other Counselors at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of the FLSA and WWPCL.

45.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Counselors did not regularly receive a pre-determined amount of compensation each pay period on a weekly, or less frequent, basis.

46.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Counselors did not receive a pre-determined weekly compensation during workweeks when said employees performed work on behalf of Defendants, for Defendants' benefit, at Defendants' direction, and/or with Defendants' knowledge.

47.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants regularly and routinely compensated Plaintiff and all other Counselors based

on hours worked and/or work performed each workday and each workweek performing or providing direct medical counseling to patients. For example, and regardless of whether Plaintiff provided direct medical counseling to two (2) patients or to fifty (50) patients in any given workweek during the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's routine or customary practice was to subsequently bill these patients for her hours worked performing said counseling during the workweek, and Defendants compensated (or, were supposed to compensate) Plaintiff with fifty percent (50%), or half, of these "billings" during this workweek.

48.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), the aforementioned routine or customary practice in any given workweek was similar, if not identical, for Plaintiff and all other Counselors.

49.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' compensation practice applicable to Plaintiff and all other Counselors was to pay them based on variations in the quality or quantity of their hours worked and/or work performed each workday and each workweek.

50.     Further, and at times during the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants simply failed to compensate Plaintiff and all other Counselors with fifty percent (50%) of their "billables" each workday and each workweek on at least a monthly basis, in violation of the WWPCL.

51.     At times during the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), and if Plaintiff provided direct medical counseling to thirty (30) patients in any given workweek and billed these patients for her hours worked performing said counseling during the workweek, Defendants had an actual practice simply failing to compensate Plaintiff

with fifty percent (50%), or half, of these "billings" during this workweek by either, for example: (1) compensating Plaintiff for fifty percent (50%), or half, of the "billings" for only twenty-five (25) of these patients during this workweek, without providing Plaintiff with any compensation for the other five (5) patients during this workweek; and/or (2) compensating Plaintiff only if and/or after these patients satisfied their "bill," or paid Defendants, for Plaintiff's work performed during this workweek, effectively reducing (or eliminating altogether) Plaintiff's compensation received from Defendants on a weekly and/or monthly basis despite Plaintiff performing the work at Defendants' agreed-upon rate of pay prior to performing the work, in violation of the WWPCL.

52. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Counselors employed by Defendants were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

53. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants did not properly and lawfully compensate Plaintiff and all other Counselors with overtime pay for all hours worked in excess of forty (40) in a workweek, in violation of the FLSA and WWPCL.

54. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' policies in practice failed to compensate Plaintiff and all other Counselors at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

55. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants were or should have been aware that their policies in practice did not properly and lawfully compensate Plaintiff and all other Counselors at the correct and lawful overtime rate of pay for all hours worked in excess of forty (40) in a workweek.

56.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants suffered or permitted Plaintiff and all other Counselors to work without being paid appropriate, lawful, and agreed-upon compensation as identified herein for all hours worked and/or work performed each workday and each workweek, in violation of the WWPCL.

## **COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

57.     Plaintiff brings this action on behalf of herself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> All current and former Counselors employed by Defendants within the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), who received compensation from Defendants for providing direct medical counseling to patients.

58.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and the FLSA Collective were victims of Defendants' same unlawful compensation policy in practice of failing to compensate the FLSA Collective with overtime compensation for hours worked each workweek in excess of forty (40). Defendants' actual practice of compensation Plaintiff and the FLSA Collective based on hours worked and/or work performed each workday and each workweek was indicative of Defendants' desire not to compensate Plaintiff and the FLSA Collective on a salary basis, but rather on an hourly basis. Because of this, during the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants failed to pay Plaintiff and the FLSA Collective at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of the FLSA.

59.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and the FLSA Collective were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

60.     Defendants' deliberate failure to properly compensate Plaintiff and the FLSA Collective at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek violated federal law as set forth in the FLSA.

61.     Defendants' unlawful practice as described in the aforementioned paragraphs failed to compensate and deprived Plaintiff and the FLSA Collective of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

62.     Defendants were or should have been aware that their unlawful practices as described in the aforementioned paragraphs failed to compensate and deprived Plaintiff and the FLSA Collective of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

63.     Plaintiff's FLSA Cause of Action is brought under and maintained as an opt-in Collective Action Pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the FLSA Collective, and this Cause of Action may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

64.     Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements, and/or pay provisions, and are and have been subject to Defendants' decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them properly and lawfully with overtime compensation. Plaintiff's claims and causes of action as stated herein are the same as those of the FLSA Collective.

65.     The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendants and through posting at Defendants' locations in areas where postings are normally made.

66.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

67.     Plaintiff brings this action on behalf of herself and all other similarly situated employees employed by Defendants in the State of Wisconsin pursuant to the WWPCL, under Fed. R. Civ. P. 23.  The similarly situated employees include:

> **Overtime Class:** All current and former Counselors employed by Defendants in the State of Wisconsin within the two (2) years immediately preceding the filing of this Complaint, (ECF No. 1), through the date of final judgment and who received compensation from Defendants for providing direct medical counseling to patients.

> **Agreed-Upon Wage Class:** All current and former Counselors employed by Defendants in the State of Wisconsin within the two (2) years immediately preceding the filing of this Complaint, (ECF No. 1), through the date of final judgment and who's agreed-upon compensation arrangement with Defendants was, on approximately a monthly basis, fifty percent (50%), or half, of patient billings each workday or each workweek.

68.     The Wisconsin Class members are readily ascertainable. The number and identity of the Wisconsin Class members are determinable from the records of Defendants. The job titles, length of employment, and the rates of pay for the Wisconsin Class members are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their

names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

69.     The proposed Wisconsin Classes are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over fifty (50) members of each of the Wisconsin Classes.

70.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Wisconsin Classes, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Classes in separate actions. All of the Wisconsin Class members were subject to the same corporate practices of Defendants, as alleged herein. Defendants' corporate-wide policies and practices affected all Wisconsin Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Wisconsin Class member. Plaintiff and other Wisconsin Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

71.     Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Classes and has no interests antagonistic to the Wisconsin Classes. Plaintiff is represented by counsel who is experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

72.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the

unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Wisconsin Class members to redress the wrongs done to them.

73.     Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Classes would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Classes establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

74.     Defendants have violated the WWPCL regarding payment of regular wages and overtime premium wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

75.     There are questions of fact and law common to the Wisconsin Classes that predominate over any questions affecting only individual members. The questions of law and fact

common to the Wisconsin Classes arising from Defendants' actions include, without limitation, the following: (a) Whether the Wisconsin Classes performed compensable work each workweek; (b) Whether Defendant compensated the Overtime Class based on hours worked or work performed each workweek; (c) Whether Defendants failed to compensate the Agreed-Upon Wage Class for work performed work each workweek at their agree-upon wage(s); and (d) The nature and extent of class-wide injury and the measure of damages for the injury.

76.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

## FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act of 1938, as Amended
### (Plaintiff on behalf of herself and the FLSA Collective – Overtime Pay)

77.     Plaintiff, on behalf of herself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

78.     At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

79.     At all times material herein, Defendants were employers of Plaintiff and the FLSA Collective as provided under the FLSA.

80.     At all times material herein, Plaintiff and the FLSA Collective were employees of Defendants as provided under the FLSA.

81.     During the relevant statutory periods as stated herein, Plaintiff and the FLSA Collective were victims of Defendants' uniform compensation policy and practice of compensating Plaintiff and the FLSA Collective based on hours worked or work performed each

workweek, but failing to compensate Plaintiff and the FLSA Collective at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of the FLSA.

82.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

83.     Defendants were (and are) subject to the overtime pay requirements of the FLSA because Defendants are enterprises engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

84.     Defendants' failure to compensate Plaintiff and the FLSA Collective at proper, correct, and lawful overtime rate of pay for each hour worked in excess of forty (40) hours each workweek was willfully perpetrated. Defendants have not acted in good faith and with reasonable grounds to believe that their actions and/or omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendants acted in good faith and with reasonable grounds in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

85.     As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff and the FLSA Collective for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

86.     Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

87.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**SECOND CLAIM FOR RELIEF**
**Violations of Wisconsin's Wage Payment and Collection Laws, as Amended**
**(Plaintiff, on behalf of herself and the Wisconsin Class – Overtime Pay)**

88.     Plaintiff, on behalf of herself and the Wisconsin Class, reasserts and incorporates all previous paragraphs as if they were set forth herein.

89.     At all relevant times: Plaintiff and the Wisconsin Class were employees of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a); Defendants were employers of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5); and Defendants employed, and/or continue to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq*., 104.01 *et seq*., and § DWD 272.01.

90.     Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

91.     At all relevant times, Defendants had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class overtime compensation.

92.     Defendants willfully failed to pay Plaintiff and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek. Specifically, Defendants compensated Plaintiff and the Wisconsin Class based on hours worked and/or work performed each workweek but failed to pay Plaintiff and the Wisconsin Class at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of the WWPCL.

93.     As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendants violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

94.     Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to the WWPCL.

**THIRD CLAIM FOR RELIEF**
**Violations of Wisconsin's Wage Payment and Collection Laws, as Amended**
**(Plaintiff, on behalf of herself and the Wisconsin Class –**
**Failure To Pay An Agreed-Upon Wage)**

95.    Plaintiff, on behalf of herself and the Wisconsin Class, reasserts and incorporates all previous paragraphs as if they were set forth herein.

96.    At all relevant times: Plaintiff and the Wisconsin Class were employees of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a); Defendants were employers of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5); and Defendants employed, and/or continue to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and § DWD 272.01.

97.    Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

98.    At all relevant times, Defendants had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class agreed-upon compensation.

99.    Throughout the Wisconsin Class Period, the Wisconsin Class was entitled to payments from Defendant at their agreed upon wage, as defined in Wis. Stat. § 109.01(3), for each hour worked, pursuant to Wis. Stat. § 109.03.

100.    Throughout the Wisconsin Class Period, Defendant did not compensate the Wisconsin Class for each and every hour worked, in accordance with Wis. Admin. Code § DWD 272.

101.    Defendants willfully failed to pay Plaintiff and the Wisconsin Class agreed-upon compensation for all hours worked each workday and each workweek by failing to pay Plaintiff

and the Wisconsin Class with an agreed-upon fifty percent (50%), or half, of monthly billables on at least a monthly basis, in violation of the WWPCL.

102.     As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendants violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

103.     Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a)  At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former Counselors employed by Defendants informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendants to take any actions in retaliation of their consent to join this action;

b)  At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c)  At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d)  Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendants' actions as described in this Complaint as unlawful and in violation of the FLSA and Wisconsin Law, and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated Counselors damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated Counselors damages in the form of reimbursement for unpaid agreed-upon wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

g) Issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated Counselors liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

h) Issue an Order directing Defendants to reimburse Plaintiff and all other similarly-situated Counselors for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

i) Provide Plaintiff and all other similarly-situated Counselors with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 31st day of May, 2023

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ *Scott S. Luzi*
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com